IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        )
                                )
        v.                      )    Criminal Action No. 04-0015
                                )
JASON KOREY                     )

## ORDER OF COURT

The parties are familiar with the background of this case and it need not be detailed here.  We need only state that on April 12, 2005 a jury found defendant guilty of using a firearm during and in relation to a conspiracy to distribute cocaine in violation of  18 U.S.C. § 924(c)(1)(A).  On January 4, 2007, the court of appeals vacated the jury verdict for the reasons set forth in its opinion filed that same date.  On January 26, 2007, the case was remanded to this court for retrial.  Trial is currently scheduled for July 23, 2007.

Before the court is defendant's motion to dismiss for violation of the Speedy Trial Act,  18 U.S.C. § 3161(c)(1).  For the reasons that follow, the motion will be granted and the indictment dismissed without prejudice to the government's right to seek a new indictment.[1]

---

[1] The government has six months from this date to reindict defendant on these charges irrespective of the statute of limitations. 18 U.S.C. § 3288; Zedner v. United States, 126 S.Ct 1976, 1985 (2006).

The Speedy Trial Act provides, in relevant part, that upon remand from a court of appeals, a defendant must be brought to trial within 70 days.  There is no dispute that defendant was not brought to trial within 70 days of the remand and thus, dismissal is warranted.[2] We must decide, therefore, whether to dismiss the indictment with or without prejudice.  In reaching this decision we are to consider the following factors: "the seriousness of the offense; the facts and circumstances which led to dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."  18 U.S.C. § 3162(a)(2).   We find that all factors weigh in favor of dismissing the indictment without prejudice.

As to the first element, "the seriousness of the offense," jurisprudence teaches that the more serious the offense, the more likely that dismissal without prejudice is the appropriate remedy.  See e.g., U.S. v. Robinson, 389 F.3d 582, 588 (6th Cir.

---

[2] Defendant has also filed a Motion to Dismiss contending that the Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution requires dismissal.  Because we have found that the indictment should be dismissed under the Speedy Trial Act, we do not reach the constitutional issue. See C.E.R. 1988, Inc. v. Aetna Cas. and Sur. Co., 386 F.3d 263, 272 n13 (3d. Cir. 2004) (citing Escambia County v. McMillan, 466 U.S. 48, 51 (1984)) ("Courts ordinarily should not pass on constitutional questions when a decision may be reached on non-constitutional grounds.") Should the government choose to go forward with the reindictment, defendant can raise the double jeopardy issue at the appropriate time.

2

2004). The Act does not define what constitutes a "serious" offense; however, there are certain offenses that are implicitly serious. In this case, the government alleges that defendant was part of a conspiracy to distribute cocaine. Additionally, the government contends that defendant used a firearm, equipped with a silencer, in furtherance of the drug conspiracy. The evidence at trial indicated that the same firearm in question was involved in what remains an unsolved homicide. Finally, the crime with which defendant was charged carries a statutory mandatory minimum sentence of 30 years in prison, with a possibility of life in prison. This is undoubtedly a very serious offense. As such, this factor weighs in favor of dismissing the indictment without prejudice.

Next, we are to consider "the facts and circumstances which led to the dismissal." This second factor also weighs in favor of dismissal without prejudice. The delay in scheduling trial within the 70 day period was not caused by inadvertence or inattention on the part of court staff, or bad faith or gamesmanship on the part of the litigants. Rather, the delay resulted from miscommunication between court staff and the assistant public defender assigned to the case. Specifically, as a result of informal conversations with counsel occurring within the 70 day period, court staff was under the impression, whether

3

justified or not, that defendant was not going to assert his right to be retried within 70 days but, in fact, was fully intending on waiving the provisions of the Speedy Trial Act at a later date. Indeed, at the May 15, 2007 status conference the federal public defender forthrightly admitted that had the case been scheduled for trial within the 70 days, she would have sought a continuance.

Whether court staff should have relied on representations made in, or impressions derived from, informal conversations with defense counsel may be subject to debate. Regardless, however, the fact remains that staff did rely on those conversations and, as a result, did not schedule a trial date within the 70 day time frame. To be clear, we do not imply that the assistant public defender acted improperly by intentionally misleading court staff, or by lulling court staff into inaction. Similarly, we find no bad faith on the part of the government. That is, there is no history in this district of the government engaging in a pattern or practice of delaying trials in order to secure some type of strategic advantage, and we find no evidence of that here.[3] Rather, we recite these facts because they are important

---

[3] Although the court is solely responsible for managing its own docket, the Court of Appeals for the Third Circuit has noted, as have several others, that it is the government's responsibility to insure compliance with the Speedy Trial Act.
(continued...)

to our evaluation of the second factor - the facts and circumstances that led to dismissal.  Because we find that the failure to comply with the Speedy Trial Act was due to miscommunication between the parties involved, and not inattention or bad faith on anyone's part, the second factor also militates in favor of dismissing the indictment without prejudice.

Finally, we find that the final factor, the impact that a reprosecution would have on the "administration of justice," also weighs in favor of dismissal without prejudice.  As the Supreme Court noted, dismissal without prejudice . . . "lets the court avoid unduly impairing the enforcement of federal criminal laws - though even this sanction imposes some costs on the prosecution and the court. . ."  Zedner, 126 S.Ct. at 1985-86.  Moreover, we find it relevant to our consideration of this factor that defendant has not asserted prejudice to his defense as a result of the delay.  He does not contend that defense witnesses who

---

[3](...continued)
See e.g., United States v. Lattany, 982 F.2d 866, 882 (3d Cir. 1993) (noting that the government has a statutory obligation to ensure that the purposes of the Speedy Trial Act are carried out.)  In the future, when a judge has not scheduled a case for trial within the applicable period, it would be appropriate for the government to file a motion requesting the judge to set a trial date. See Lattany at 882 (noting that the court was "troubled" that the government did not take action to insure a firm trial date earlier in the proceedings).

might have testified on his behalf are no longer available.  He makes no contention that exonerating evidence has been destroyed or misplaced.  He does not otherwise claim that he has been prejudiced in the preparation of his defense as a result of this delay.

Nor has this delay caused a loss of defendant's freedom. Defendant was not confined under a bail or detainer awaiting trial on these charges.  Rather, at all relevant times, defendant was, and will continue to be for some time, in the custody of the Pennsylvania Bureau of Prisons serving a sentence for an unrelated state court conviction.  When that sentence expires, he will begin serving his federal sentence for those crimes to which he pled guilty before this court.  Therefore, he has suffered no loss of liberty as a result of the delay in awaiting retrial on these charges.  Here, because the delay is short and defendant shows no more than minimal prejudice, reprosecution has little, if any, adverse impact on the administration of justice and the administration of the Speedy Trial Act.

All of the relevant factors weigh in favor of dismissing the indictment without prejudice to the government's right to seek reindictment if it chooses to do so.

BY THE COURT:

Date: July 3, 2007
cc:   All Counsel of Record

7